

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

June 8, 2020

**BY ECF**



The Honorable John F. Keenan
United States District Judge
Southern District of New York
Daniel Patrick Moynihan U.S. Courthouse
500 Pearl Street
New York, New York 10007

      Re:    *United States v. Prince Wareham,* **16 Cv. 4700 (JFK); 11 Cr. 912 (JFK)**

Dear Judge Keenan:

      By Order dated June 3, 2020, this Court directed the Government to "inform the Court whether the stay" in the above-captioned habeas proceedings "should be lifted to allow this action to proceed." For the reasons described below, the Government, with the consent of defense counsel, seeks a further stay of the proceedings at this time.

      As the Court is aware, the Section 924(c) charge to which the defendant pled guilty was predicated on an attempted Hobbs Act robbery offense. The question of whether an attempted Hobbs Act robbery constitutes a crime of violence under Section 924(c)(3)(A)'s force clause is the subject of two fully briefed and argued appeals pending before the Second Circuit. *See United States v. McCoy*, No. 17-3515 (argued Oct. 23, 2019), and *United States v. Collymore*, No. 19-0596 (argued June 1, 2020).

      Because the exact issue presented in this case is likely to be decided by the Second Circuit in the near future, the Government seeks a further stay of the instant habeas proceedings. The prospect of a Second Circuit decision bearing on the merits of the defendant's claims weighs in favor of a continued stay. *See Wang v. United States*, No. 13-CV-3524 DLI, 2015 WL 1966465, at *2 (E.D.N.Y. Apr. 30, 2015) (staying habeas proceedings pending the disposition of a Supreme Court case involving "the same question of law," in the interest of "judicial economy"); *see also Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) ("'[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936))).

      Accordingly, the Government respectfully requests that the instant 2255 petition remain stayed pending the Second Circuit's decisions in *McCoy* and *Collymore*. I have conferred with Barry Leiwant, Esq., counsel for the defendant, who has informed me that he consents to this application.

Honorable John F. Keenan
June 8, 2020

The Government further respectfully requests that the Court set a deadline for a status update letter from the parties in approximately three months' time.

                                        Respectfully submitted,

                                        GEOFFREY S. BERMAN
                                        United States Attorney

                        By: _____
                                        Christopher J. DiMase
                                        Assistant United States Attorney
                                        (212) 637-2433

cc:    Barry Leiwant, Esq. (by electronic mail)

**MEMO ENDORSED**

```
Defense counsel having no objection, the Government's request to
continue the stay pending resolution of two potentially relevant
cases before the Second Circuit is GRANTED.  The parties shall file a
joint status update by no later than September 14, 2020.

SO ORDERED.

Dated:  New York, New York
        June 9, 2020
                                        _____
                                                John F. Keenan
                                        United States District Judge
```