USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3/29/23

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

UNITED STATES OF AMERICA

    - v. -

PRINCE WAREHAM,

    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

CONSENT PRELIMINARY ORDER
OF FORFEITURE AS
TO SPECIFIC PROPERTY

S9 11 Cr. 912 (RMB)
22 Cr. 64 (RMB)

WHEREAS, on or about January 9, 2013, PRINCE WAREHAM (the "Defendant"), among others, was charged in four counts of a twenty-four count Superseding Indictment, S4 11 Cr. 912 (JFK) (the "S4 Indictment"), with conspiracy to commit Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 (Count One); attempted Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Count Five); use, possession or carrying a firearm in furtherance of a crime, in violation of Title 18, United States Code, Sections 924(c)(1)(A)(iii), and 2 (Count Six); and narcotics conspiracy, in violation of Title 21, United States Code, Section 846 (Count Twenty-Four);

WHEREAS, on or about September 17, 2013, the Defendant pled guilty to Count Six of the S4 Indictment, pursuant to a plea agreement with the Government.

WHEREAS, the Defendant thereafter filed a motion challenging his conviction, pursuant to Title 28, United States Code, Section 2255, which was denied by the Court on May 11, 2021 (the "2255 Motion");

WHEREAS, on or about July 20, 2022, on consent of the Government, the United States Court of Appeals for the Second Circuit vacated the denial of the 2255 Motion and remanded the case for further proceedings;

WHEERAS, while the appeal of the 2255 Motion was pending, on or about February 1, 2022, the Defendant was charged in Indictment 22 Cr. 64 (RMB) (the "2022 Indictment"), with being a felon in possession of a firearm, in violation of Title 18, Untied States Code, Sections 922(g)(1), 924(a)(2), and 2 (Count One);

WHEREAS, the 2022 Indictment included a forfeiture allegation with respect to Count One of the 2022 Indictment, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the commission of the offense charged in Count One of the 2022 Indictment, including but not limited to:

    a. One 9MM Taurus Millennium PT111 semiautomatic pistol; and

    b. 15 live rounds of ammunition;

(a and b, together, the "Specific Property");

WHEREAS, on or about March 28, 2023, the Defendant was charged in Superseding Information S9 11 Cr. 912, (the "S9 Information"), with attempted Hobbs Act robbery, in violation of Title 18, United States Code, Sections 1951 and 2 (Count One); and felon in possession of a firearm, in violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2) and 2 (Count Two);

WHEREAS, the S9 Information included a forfeiture allegation with respect to Count Two of the S9 Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code, Section 924(d)(1) and Title 28, United States Code, Section 2461(c), of any and all firearms and ammunition involved in or used in the offense charged in Count Two of the S9 Information, including but not limited to the Specific Property;

WHEREAS, on or about March 28, 2023, the Defendant pled guilty to Counts One and Two of the S9 Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count Two of the S9 Information and agreed to forfeit to the United States, all of his right, title and interest in the Specific Property;

WHEREAS, the Defendant consents to the forfeiture of all of his right, title and interest in the Specific Property, which constitute firearms and ammunition involved in the commission of the offense charged in Count Two of the S9 Information;

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Damian Williams, United States Attorney, Assistant United States Attorney, Maggie Lynaugh, of counsel, and the Defendant, and his counsel, Michael David Bradley, Esq., that:

1. As a result offense charged in Count Two of the S9 Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

2. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property is final as to the Defendant,

PRINCE WAREHAM, and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

3. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property, the United States Marshal Service is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

4. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

5. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

6.     Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

7.     Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed.

8.     Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

9.     The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

10. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

DAMIAN WILLIAMS
United States Attorney for the
Southern District of New York

By: _____    3/20/2023
MAGGIE LYNAUGH                            DATE
Assistant United States Attorney
One St. Andrew's Plaza
New York, NY 10007
(212) 637-2448


PRINCE WAREHAM

By: _____    3/23/2023
PRINCE WAREHAM                            DATE

By: _____    3/23/2023
MICHAEL DAVID BRADLEY, ESQ.               DATE
Attorney for Defendant
2 Park Avenue, 20th Floor
New York, NY 10016


SO ORDERED:

_____          3/28/23
HONORABLE RICHARD M. BERMAN               DATE
UNITED STATES DISTRICT JUDGE